IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN DITTOE | § | |
| v. | § | CIVIL ACTION NO. 5:23cv60 |
| BRYAN COLLIER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff John Dittoe, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff has filed a motion which he styles as a "motion for partial immediate relief." He says that he is currently confined at the Clements Unit in Amarillo and he has been assaulted and threatened by his cellmate, but no one will respond to his complaints. He asks that the Court order him placed in single cell restriction or a special housing unit. In effect, Plaintiff is seeking a temporary restraining order or preliminary injunction.

The events of which Plaintiff complains occurred at the Clements Unit and he makes no showing that they are connected to the claims forming the basis of his lawsuit, which occurred at the Telford Unit. While the Fifth Circuit Court of Appeals has not specifically addressed the issue, district courts within the Fifth Circuit - including this Court - have found that a request for injunctive relief must be based on allegations related to the claims in the complaint. *See, e.g., Booker v. McDuffie*, civil action no. 5:18cv208, 2019 U.S. Dist. LEXIS 141283 at *3, 2019 WL 3937225

(N.D.Tex., July 22, 2019), *Report adopted at* 2019 U.S. Dist. LEXIS 140452, 2019 WL 3936859 (N.D.Tex., August 20, 2019); *Little v. Holman*, civil action no. 6:22cv230, 2023 U.S. Dist. LEXIS 31964 at *5, 2023 WL 2254632 (E.D.Tex., January 18, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 31514, 2023 WL 2245121 (E.D.Tex., February 24, 2023); *accord*, *State v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) (explaining that "injunctive relief must relate in some fashion to the relief requested in the complaint"). Plaintiff's request for injunctive relief lacks merit on this basis.

In addition, none of the named Defendants in the lawsuit are officials at the Clements Unit and the Clements Unit is outside of the territorial jurisdiction of the Eastern District of Texas. The Court lacks *in personam* jurisdiction over any officials at the Clements Unit and thus could not enter an injunction against those officials. *Enterprise International v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985). None of the named Defendants in the lawsuit have the authority to order Plaintiff placed in a single cell or a special housing area at the Clements Unit, or to transfer him to another unit.[1] Plaintiff's request for injunctive relief cannot be granted for this reason as well.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for partial immediate relief, construed as a motion for injunctive relief (Dkt. No. 20) be denied. The denial of this motion should be without prejudice to Plaintiff's right to seek such relief as may be available through the

---

[1] While Plaintiff names the Executive Director of the Texas Department of Criminal Justice, Bryan Collier, as a defendant in his lawsuit, it is in fact the State Classification Committee and the unit classification committee, not the Executive Director of the Department of Criminal Justice, which make decisions concerning inmate classification, housing, and unit assignments. *See, e.g., Young v. Polk*, civil action no. 5:20cv87, 2021 U.S. Dist. LEXIS 214067, 2021 WL 5149797 (E.D.Tex., November 4, 2021).

administrative processes of TDCJ or the U.S. District Court for the Northern District of Texas, Amarillo Division, the court with territorial jurisdiction over the Clements Unit.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 12th day of March, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE