IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JOHN DITTOE | § | |
| v. | § | Civil Action No. 5:23cv60-RWS-JBB |
| BRYAN COLLIER, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff John Dittoe, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

After filing his original complaint, Plaintiff filed an amended complaint on August 7, 2023. Following this, he filed a supplemental claim of retaliation and two motions seeking to add new defendants. On April 10, 2024, the Court entered an order stating that in the interests of avoiding piecemeal litigation and having multiple operative pleadings, the Court determined that Plaintiff should file a single amended complaint setting out all of the claims he wishes to raise and naming all of the defendants whom he wishes to sue. The Court provided guidance for the filing of the amended complaint, stating that Plaintiff should set out: (1) a concise statement of his claims, including dates if known, and the facts giving rise to the claims; (2) the individual, individuals, or entities whom he wishes to sue; (3) a statement of how each named Defendant is involved in the facts forming the basis of the claim; (4) the harm which Plaintiff suffered; and (5) the relief sought. The Court further stated that failure to comply with this order could result in the dismissal of the lawsuit for failure to prosecute or to obey an order of the Court. Dkt. No. 37.

A copy of the order was sent to Plaintiff at his last known address, but to date, he has not complied with this order, nor has he responded in any way. The Fifth Circuit has explained that where a letter is properly placed in the United States mail, a presumption exists that the letter reached its

destination in the usual time and was actually received by the person to whom it was addressed. *Faciane v. Sun Life Assurance Company of Canada*, 931 F.3d 412, 420-21 and n.9 (5th Cir. 2019).

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. *Id.*, citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962). Plaintiff's failure to prosecute his case or to obey an order of the Court is demonstrated by his failure to file an amended complaint as ordered on April 10, 2024.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988), *citing Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Plaintiff's failure to file an amended complaint is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. Based upon the dates provided in the prior complaints, a dismissal without prejudice could operate as a dismissal with prejudice of at least some of the claims because of the statute of limitations. The Fifth Circuit has held that a dismissal for failure to prosecute which is tantamount to a dismissal with prejudice can be an abuse of discretion unless there is a showing of contumacious conduct, of which there is none in this case. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Consequently, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice, with the statute of limitations suspended for a period of sixty days following the date of entry of final judgment. *See Mills v. Criminal District Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988); *Rodriguez v. Holmes*, 963 F.2d 799, 802 (5th Cir. 1992). Should Plaintiff

contact the Court within this time period, a motion for relief from judgment would likely receive favorable consideration.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil rights lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court. It is further recommended that the statute of limitations be suspended for a period of sixty (60) days from the date of entry of final judgment in the case.

## Objections

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 25th day of June, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE